UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-387-GCM
(3:97-cr-2-RJC-1)

| | |
|---|---|
| WILLUAM LANCE MORGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an Unopposed Motion to Stay filed by counsel for Petitioner, (Doc. No. 13), and the Government's Motion to Dismiss, (Doc. No. 12).

On June 17, 2016, Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 through counsel, arguing that his conviction pursuant to 18 U.S.C. § 924(c) is invalid pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015). (Doc. No. 1). The matter was then stayed for several years pending the Fourth Circuit Court of Appeal's consideration of United States v. Ali, No. 15-4433. See (Doc. No. 6). On April 15, 2020, the Court ordered the parties to file a Response indicating why the stay should not be lifted based on the United States Supreme Court's decision in United States v. Davis, No. 18-431. (Doc. No. 9). The parties initially agreed that the stay should be lifted and the case should be reopened. (Doc. No. 10). The Court lifted the stay, (Doc. No. 11), and the Government filed a Motion to Dismiss, (Doc. No. 12). However, counsel for Petitioner has now filed this Motion to Stay pending the Fourth Circuit's decision in United States v. Taylor, No. 19-7616 in which a certificate of appealability was granted, in part, on the issue of whether attempted Hobbs Act robbery categorically qualifies as a predicate crime

1

of violence for purposes of 18 U.S.C. § 924(c). (Doc. No. 13). Counsel for the Government consents to this Motion to Stay. (Doc. No. 13 at 2).

The Court finds that the Motion to Stay is in the interest of justice and judicial economy and will be granted. The pending Motion to Dismiss will be denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Unopposed Motion to Stay, (Doc. No. 13), is **GRANTED**.

2. The Government's Motion to Dismiss, (Doc. No. 12), is **DENIED** as moot.

3. This case is held in abeyance pending the Fourth Circuit's consideration of Taylor, No. 19-7616. The Government shall have **60 days** following the Fourth Circuit's issuance of its mandate in Taylor file an answer, motion, or other response to the § 2255 Motion to Vacate.

Signed: June 25, 2020

Graham C. Mullen
United States District Judge